Jennifer Ishimoto, SBN 211845
Banie & Ishimoto LLP
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone: 408-981-9472
Fax: 650-241-2770
Email: ishimoto@banishlaw.com

Attorney for Plaintiff Vector Licensing LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vector Licensing LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Zyxel Communications, Inc.,<br><br>    Defendant. | CASE NO.<br><br>**COMPLAINT FOR INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Now comes, Plaintiff Vector Licensing LLC ("Plaintiff" or "Vector"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## THE PARTIES

2. Plaintiff Vector Licensing LLC is a limited liability company with its principal place of business at 1201 Barbara Jordan Blvd., Suite 700 #1005, Austin, TX 78723.

3. Upon information and belief, Defendant Zyxel Communications, Inc. ("Zyxel" or "Defendant") is a corporation organized under the laws of California, and has a regular and established place of business at 1130 North Miller Street, Anaheim, CA 92806.

## JURISDICTION AND VENUE

4. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action against Plaintiff has risen in this District, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this judicial District; and (iii) having an established place of business in this judicial district.

8. Venue is proper in this District under 28 U.S.C. 1400(b) because Defendant is a registered California corporation and has a regular and established

place of business in this District.  Thus, Defendant resides in this District under the Supreme Court's opinion in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017).  Further, upon information and belief, Defendant has committed acts of infringement in this district.

## PATENT-IN-SUIT

9. On June 20, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,686,655 (the "'655 Patent"), entitled "Apparatus and method for transmitting signal in communication system" after a full and fair examination. The '655 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10. Plaintiff is presently the owner of the '655 Patent, having received all right, title and interest in and to the '655 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '655 Patent, including the exclusive right to recover for past infringement.

11. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

## COUNT I (Infringement of U.S. Patent No. 9,686,655)

12. Plaintiff incorporates the above paragraphs as though fully set forth herein.

13. Direct Infringement. Defendant has directly infringed one or more claims of the '655 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products," including the Zyxel AX6000) that infringe at least the exemplary claims of the '655 Patent also identified in the charts incorporated into this Count below (the "Exemplary '655 Patent Claims," including Claims 1 and 7)

literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '655 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Upon information and belief, Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary '655 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. Exhibit B includes charts comparing the Exemplary '655 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '655 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '655 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit B.

## JURY DEMAND

17. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A Declaration that Defendant has infringed the '665 Patent;

B. An award of damages suffered by Plaintiff as a result of Defendant's infringement of the '665 Patent;

C. An award to Plaintiff of its costs, attorney's fees, expenses, and interest; and

D. A grant to Plaintiff of any further relief as the Court finds appropriate.

Respectfully Submitted,

Dated: November 30, 2022

*/s/ Jennifer Ishimoto*
Jennifer Ishimoto (#211845)
**BANIE & ISHIMOTO LLP**
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone: (408) 981-9472
Email: ishimoto@banishlaw.com

**Attorney for Plaintiff Vector Licensing LLC**